## IN THE COURT OF COMMON PLEAS, FRANKLIN COUNTY, OHIO
## CIVIL DIVISION

**SHARON DORSEY**
1616 Butterfly Court
Columbus, Ohio 43223

      Plaintiff

vs

**STRENGTH OF NATURE GLOBAL LLC**
64 Ross Road
Savannah, GA 31405

      and

**WAL-MART STORES INC.**
702 SW 8th Ave.
Bentonville, Arkansas 72716

      Defendants

Case #

Judge:

Refiling of Case No. 19 CV 003796
suit previously dismissed without
prejudice and assigned to Judge Lynch

## COMPLAINT
(Jury Demand Endorsed Hereon)

<u>Recitals:</u>

1) At all times herein mentioned the defendant Wal-Mart stores Inc. offered for sale to their business invitees a product called "Motions Classic Formula Hair Relaxer", at the retail department store operated by said defendant and located at 3657 East Main St., Whitehall, Ohio.

2) In the late summer of 2017, the plaintiff purchased said product at the above identified retail department store. On or about September 30, 2017 the plaintiff proceeded to use said product in the manner directed by the package instructions contained on and in the packaging for said product.

3) "Motions Classic Formula Hair Relaxer" (hereinafter referred to as the "product") is manufactured, packaged, marketed, sold and distributed to various retail vendors, including the defendant Wal-Mart Stores Inc., by the Defendant Strength of Nature Global LLC

4) The "product" is marketed to the public as appropriate for home use and self – application.

**EXHIBIT B**

0F173 - C22
Franklin County Ohio Clerk of Courts of the Common Pleas- 2020 Jul 08 11:41 AM-20CV004402
Case: 2:20-cv-04015-MHW-EPD Doc #: 1-4 Filed: 08/14/20 Page: 2 of 15 PAGEID #: 214

## COUNT 1

 5) Plaintiff incorporates the averments of the recitals as if fully rewritten herein and further says that on September 30, 2017 she applied the product as directed by the manufacturer and experienced injury as follows: a) chemical burns of the scalp and forehead  b) breakage of her hair at or near the scalp line all of which caused her physical pain and great and protracted emotional distress for treatment of which she has incurred reasonable and necessary expense in a sum in excess of $47,000.

 6) Plaintiff further says that said product was defective in that it contained an excess of chemicals greater than those specified by the manufacturer all as a result of a manufacturing defect and said product as sold failed to contain adequate warnings of the risks of use or appropriate application.

## COUNT 2

 7) Plaintiff incorporates all prior averments of the complaint is a fully rewritten herein and further says that the defendant Wal-Mart Stores Inc. for good and viable consideration paid by the plaintiff sold said product to her and by force of law warranted to her that it was of good and merchantable quality. Said product as sold was not of good and merchantable quality resulting in damages to this plaintiff as herein described.

## COUNT 3

 8) Plaintiff incorporates the averments previously made and says that the product as manufactured by Defendant Strength of Nature Global was defective and dangerous in the particulars heretofore described.

 WHEREFORE, Plaintiff demands judgment against the defendants jointly and severally in a sum in excess of $25,000 but less than $75,000.

Respectfully submitted,

PLYMALE & DINGUS, LLC

*/s/ Ronald E. Plymale*
Ronald E. Plymale (0033032)
M. Shawn Dingus (0070201)
Adam Z. Morris (0096754)
136 West Mound Street, Suite 100
Columbus, Ohio 43215
Phone: (614) 542-0220

**EXHIBIT B**

Fax: (614) 542-0230
Email: rplymale@dinguslaw.com
sdingus@dinguslaw.com
amorris@dinguslaw.com
*Attorney for Plaintiff Sharon Dorsey*

## JURY DEMAND

Plaintiff demands trial by jury of eight (8).

Respectfully Submitted,
**/s/ Ronald E. Plymale**
Ronald E. Plymale (0033032)
M. Shawn Dingus (0070201)
Adam Z. Morris (0096754)

**EXHIBIT B**

Franklin County Ohio Clerk of Courts of the Common Pleas- 2020 Aug 28 11:20 AM-20CV004402
Case: 2:21-cv-00045-MHW-EPD Doc #: 1-2 Filed: 01/14/21 Page: 4 of 15 PAGEID #: 16
0F189 - C50

IN THE COURT OF COMMON PLEAS OF
FRANKLIN COUNTY, OHIO

| | | |
|---|---|---|
| Sharon Dorsey, | : | Case No. 20CV004402 |
| Plaintiff, | : | JUDGE J. LYNCH |
| vs. | : | JURY DEMAND ENDORSED HEREON |
| Strength of Nature Global, LLC, et al, | : | |
| Defendants. | : | |

**ANSWER OF DEFENDANT WAL-MART STORES, INC.**

Now comes Defendant Wal-Mart Stores, Inc. ("Wal-Mart") and for its Answer to Plaintiff's Complaint, hereby states as follows:

**FIRST DEFENSE:**

1. Paragraph 1 of Plaintiff's Complaint refers to a legal conclusion for which no response is required. Further answering, Defendant denies the allegations contained in Paragraph 1 of Plaintiff's Complaint.

2. Defendant denies for want of knowledge the allegations contained in Paragraph 2 of Plaintiff's Complaint.

3. Paragraph 3 of Plaintiff's Complaint refers to a legal conclusion for which no response is required. Further answering, Defendant denies the allegations contained in Paragraph 3 of Plaintiff's Complaint.

4. Paragraph 4 of Plaintiff's Complaint refers to a legal conclusion for which no response is required. Further answering, Defendant denies for want of knowledge the allegations contained in Paragraph 4 of Plaintiff's Complaint.

5. Paragraph 5 of Plaintiff's Complaint refers to a legal conclusion for which no response is required. Further answering, Defendant denies for want of knowledge the

2

**EXHIBIT B**

Franklin County Ohio Clerk of Courts of the Common Pleas- 2020 Jul 28 2:11 AM-20CV004021
0F189 - C51
Case: 2:21-cv-00045-MHW-EPD Doc #: 1-2 Filed: 01/14/21 Page: 5 of 15 PAGEID #: 217

allegations contained in Paragraph 5 of Plaintiff's Complaint. Defendant reincorporates all prior responses and denials in response to Paragraphs 1 through 4.

6. Paragraph 6 of Plaintiff's Complaint refers to a legal conclusion for which no response is required. Further answering, Defendant denies the allegations contained in Paragraph 6 of Plaintiff's Complaint.

7. Paragraph 7 of Plaintiff's Complaint refers to a legal conclusion for which no response is required. Further answering, Defendant denies the allegations contained in Paragraph 7 of Plaintiff's Complaint. Defendant reincorporates all prior responses and denials in response to Paragraphs 1 through 6.

8. Defendant reincorporates all prior responses and denials in response to Paragraphs 1 through 7. Paragraph 8 refers to a legal conclusion for which no response is required. Further answering, Defendant denies the allegations contained in Paragraph 8 of Plaintiff's Complaint.

**SECOND DEFENSE:**

9. The incident was proximately caused by the sole or contributory or comparative negligence of Plaintiff.

**THIRD DEFENSE:**

10. The incident was proximately caused by the sole or contributory or comparative negligence of others not presently known to this Defendant.

**FOURTH DEFENSE:**

11. Plaintiff has failed to mitigate damages, if any.

3

**EXHIBIT B**

Franklin County Ohio Clerk of Courts of the Common Pleas- 2020 Jan 28 2:11 AM-20CV000402
0F189 - C52
Case: 2:21-cv-00045-MHW-EPD Doc #: 1-4 Filed: 01/14/21 Page: 6 of 15 PAGEID #: 218

**FIFTH DEFENSE:**

12. Plaintiff is barred by the doctrines of waiver, estoppel, laches, or by the applicable statute of limitations.

**SIXTH DEFENSE:**

13. Plaintiff assumed all risks by reason of the manner of her own actions.

**SEVENTH DEFENSE:**

14. Plaintiff's Complaint fails to state a claim upon which relief can be granted.

**EIGHTH DEFENSE:**

15. Plaintiff has failed to join necessary and indispensable parties.

**NINTH DEFENSE:**

16. Plaintiff's Complaint fails for insufficiency of process.

**TENTH DEFENSE:**

17. Plaintiff's Complaint fails for insufficiency of service of process.

**ELEVENTH DEFENSE:**

18. Plaintiff's claim for damages violates the due process clauses of the Federal and Ohio Constitutions.

**TWELFTH DEFENSE:**

19. Some or all of the claims set forth in Plaintiff's Complaint filed herein are barred by an intervening and/or superseding cause thereby relieving Defendant of all and any responsibility.

**THIRTEENTH DEFENSE:**

20. The damages sustained by the Plaintiff, if any, were the direct and proximate result of the liability of other persons and/or parties and/or entities, other than Defendant and, as

4

**EXHIBIT B**

Case: 2:21-cv-00045-MHW-EPD Doc #: 1-2 Filed: 01/14/21 Page: 7 of 15 PAGEID #: 19
Franklin County Ohio Clerk of Courts of the Common Pleas- 2020 Aug 28 8:11 AM-20CV005402
0F189 - C53

the result thereof, the right of recovery of the Plaintiff against Defendant must be diminished in whole or in part accordingly.

**FOURTEENTH DEFENSE:**

21. In the event Defendant is found negligent, such liability denied, Defendant is only liable for its proportionate share of Plaintiff's alleged damages per R.C. § 2307.22, *et seq*.

**FIFTEENTH DEFENSE:**

22. Any allocation of fault by a trier of fact must be consistent with R.C. § 2307.22, *et seq.*, R.C. § 2307.23, *et seq*.

**SIXTEENTH DEFENSE:**

23. Any allocation of liability must include the fault of non-parties per R.C. §2307.23, *et seq*.

**SEVENTEENTH DEFENSE:**

24. Defendant specifically denies that any of its employees were negligent.

**EIGHTEENTH DEFENSE:**

25. Defendant gives notice that it intends to assert, pursuant to Revised Code § 2703.23, the jury apportion a percentage of liability to the tortious conduct of non-parties.

**NINETEENTH DEFENSE:**

26. This Court lacks jurisdiction over the subject matter.

**TWENTIETH DEFENSE:**

27. This Court lacks jurisdiction over the parties.

**TWENTY-FIRST DEFENSE:**

28. Venue is improper.

5

**EXHIBIT B**

Case: 2:21-cv-00045-MHW-EPD Doc #: 1-2 Filed: 01/14/21 Page: 8 of 15 PAGEID #: 20
Franklin County Ohio Clerk of Courts of the Common Pleas- 2020 Aug 28 11:15 AM-20CV004022
0F189 - C54

**TWENTY-SECOND DEFENSE:**

29. Defendant incorporates herein by reference, as if fully stated herein, all of the appropriate defenses set forth in Civil Rules 8 and/or 12, as applicable. Moreover, Defendant reserves all rights pursuant to Civil Rule 15 to subsequently amend this pleading to raise additional and/or withdraw any of the foregoing affirmative defenses as may become necessary during the investigation or discovery of this action.

**TWENTY-THIRD DEFENSE:**

30. Any alleged damages are a result of Plaintiff's misuse, alteration and/or abuse of product.

**TWENTY-FOURTH DEFENSE:**

31. Plaintiff's claims are barred because any products were not unreasonably dangerous, any warnings and/or instructions were adequate as a matter of law. And the product(s) at issue at the time conformed to the state of the art and applicable standard of care the design and manufacturer of such or similar products.

**TWENTY-FIFTH DEFENSE:**

32. Plaintiff's claims are barred based on the failure to allege a safer alternative design or formulation.

**TWENTY-SIXTH DEFENSE:**

33. Any exposure is so minimal to the insufficient to establish a reasonable degree of probability that the product(s) caused any alleged injuries or damages.

**TWENTY-SEVENTH DEFENSE:**

34. Plaintiff's claims are barred under the "learned intermediary," "informed intermediary," and/or "sophisticated user" doctrines and Defendant had no duty to warn

6

**EXHIBIT B**

Franklin County Ohio Clerk of Courts of the Common Pleas- 2020 Aug 28 2:11 AM-20CV004402
0F189 - C55
Case: 2:21-cv-00045-MHW-EPD Doc #: 1-2 Filed: 01/14/21 Page: 8 of 11 PAGEID #: 21

Plaintiff directly of any condition associated with the production or product(s) in question

**WHEREFORE,** Defendant prays that Plaintiff's Complaint be dismissed with prejudice and that Plaintiff be ordered to pay all costs and reasonable attorney fees sustained by this Defendant.

Respectfully submitted,

*/s/ Jackie M. Jewell*
Patrick Kasson            (0055570)
Jackie M. Jewell          (0090499)
**REMINGER CO., L.P.A.**
200 Civic Center Drive, 8th Floor
Columbus, Ohio 43215
Phone: (614) 232-2491
Fax:    (614) 232-2410
jjewell@reminger.com

*Counsel for Defendant Wal-Mart Stores, Inc.*

## JURY DEMAND

Now come Defendants and hereby requests a jury of eight (8) to hear all of the issues of this case.

*/s/ Jackie M. Jewell*
Patrick Kasson            (0055570)
Jackie M. Jewell          (0090499)

7

**EXHIBIT B**

Case: 2:21-cv-00145-MHW-EPD Doc #: 1-2 Filed: 01/14/21 Page: 8 of 15 PAGEID #: 22
Franklin County Ohio Clerk of Courts of the Common Pleas- 2020 Jul 28 8:01 AM-20CV004402
0F189 - C56

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true copy of the foregoing Complaint has been served via the Court's e-Filing system, this 28th day of July, 2020 upon:

Ronald E. Plymale (0033032)
Adam Z. Morris (0096754)
Adelia A. Mohan (0096254)
Plymale & Dingus, LLC
136 W. Mound St., Suite 100
Columbus, Ohio 43215
rplymale@dinguslaw.com
amorris@dinguslaw.com
amohan@dinguslaw.com

*Counsel for Plaintiff Sharon Dorsey*

Tyler Tarney (0089082)
Gordon & Rees, LLP
41 S. High St., Suite 2495
Columbus, Ohio 43215
ttarney@grsm.com
*Counsel for Defendant Strength of Nature Global, LLC*

/s/ Jackie M. Jewell
Patrick Kasson          (0055570)
Jackie M. Jewell        (0090499)

8

**EXHIBIT B**

Case: 2:21-cv-00145-MHW-EPD Doc #: 1-4 Filed: 01/14/21 Page: 11 of 15 PAGEID #: 23
Franklin County Ohio Clerk of Courts of the Common Pleas- 2020 Sep 03 1:53 PM-20CV004402
0F230 - C11

<div style="text-align:center">

IN THE COMMON PLEAS COURT
FRANKLIN COUNTY, OHIO

</div>

| | | |
|---|---|---|
| SHARON DORSEY, | ) | CASE NO. 20CV004402 |
| | ) | |
| Plaintiff, | ) | Judge Julie Lynch |
| | ) | |
| vs. | ) | |
| | ) | |
| STRENGTH OF NATURE GLOBAL LLC, ET AL., | ) | |
| | ) | |
| Defendants. | ) | |

**ANSWER OF DEFENDANT STRENGTH OF NATURE, LLC (INCORRECTLY IDENTIFIED AS "STRENGTH OF NATURE GLOBAL LLC")**

**(Jury Demand Endorsed Hereon)**

Defendant Strength of Nature, LLC (incorrectly identified as "Strength of Nature Global LLC") ("Defendant") responds to Plaintiff's Complaint in like-numbered Paragraphs as follows:

1. Denied for want of knowledge.

2. Denied.

3. Denied for want of knowledge.

4. Denied for want of knowledge.

**COUNT 1**

5. Denied.

6. Denied.

**COUNT 2**

7. Denied.

**COUNT 3**

8. Denied.

<div style="text-align:center; color:red">**EXHIBIT B**</div>

Case: 2:21-cv-00145-MHW-EPD Doc #: 1-4 Filed: 01/14/21 Page: 32 of 132 PAGEID #: 224
Franklin County Ohio Clerk of Courts of the Common Pleas- 2020 Sep 03 1:53 PM-20CV005402
0F230 - C12

## AFFIRMATIVE DEFENSES

1. All allegations not specifically admitted are denied.

2. This Court lacks personal jurisdiction.

3. Plaintiff's claims fail based on improper service and/or service of process.

4. Plaintiff has failed to join necessary and indispensable parties.

5. Plaintiff lacks standing, is not the real party in interest, and/or asserts claims that are premature, not ripe, and not justiciable.

6. Plaintiff's Complaint fails to state a claim upon which relief can be granted.

7. Plaintiff's Complaint is barred by the applicable statutes of limitations.

8. Plaintiff's Complaint is barred by the applicable statutes of repose.

9. Plaintiff has no legal right to the relief requested.

10. Plaintiff failed to mitigate damages, if any.

11. Plaintiff's recovery must be eliminated or diminished by Plaintiff's comparative and/or contributory negligence.

12. The alleged damages sustained by Plaintiff, if any, were the direct and proximate result of the liability of other persons and/or parties and/or entities, other than Defendant, and any right to recovery must be diminished in whole or in part accordingly.

13. Any alleged damages are the result of Plaintiff's misuse, alteration, and/or abuse of the product.

14. Plaintiff's claims are barred, in whole or in part, because the alleged damages are a result of intervening or superseding causes over which Defendant had no control or right to control.

2

**EXHIBIT B**

Case 2:21-cv-00145-MHW-EPD Doc #: 1-4 Filed: 01/14/2020 Page: 13 of 15 PAGEID #: 25
Franklin County Ohio Clerk of Courts of the Common Pleas- 2019 Sep 03 1:53 PM-19CV006402
0F230 - C13

15. Plaintiff's claims are barred by the doctrines of waiver, release, accord and satisfaction, estoppel (including equitable and judicial estoppel), laches, set-off, recoupment, and/or unclean hands.

16. Plaintiff's claims are barred because Defendant complied with all necessary governmental standards and regulations.

17. Any alleged injuries are the result of Plaintiff's misuse, alteration, and/or abuse of the products.

18. Defendant at all times acted in good faith and reasonably.

19. Plaintiff's alleged damages are speculative, excessive, non-calculable, unreasonable, and/or violate state and federal Due Process rights.

20. Plaintiff's claims are barred because any products were not unreasonably dangerous, any warnings and/or instructions were adequate as a matter of law, and the product(s) at issue at all times conformed to the state of the art and the applicable standards of care for the design and manufacture of such or similar products.

21. Plaintiff's claims are barred based on the failure to allege a safer alternative design or formulation.

22. Any exposure was so minimal as to be insufficient to establish a reasonable degree of probability that the product(s) caused any alleged injuries and/or damages.

23. Plaintiff's claims are barred under the "learned intermediary," "informed intermediary," and/or "sophisticated user" doctrines and Defendant had no duty to warn Plaintiff directly of any condition associated with the production or product(s) in question.

24. Any alleged injuries were the result of an idiosyncratic reason without any negligence, defect, or failure on the part of Defendant.

3

**EXHIBIT B**

Case: 2:21-cv-00145-MHW-EPD Doc #: 1-4 Filed: 01/14/21 Page: 14 of 15 PAGEID #: 26
Franklin County Ohio Clerk of Courts of the Common Pleas- 2020 Sep 03 1:53 PM-20CV005402
0F230 - C14

25. Plaintiff's claims fail under the economic loss doctrine.

26. Plaintiff is not entitled to punitive damages or attorney fees.

27. The actions complained of were not fraudulent, willful, malicious, or in bad faith.

28. Plaintiff expressly and/or impliedly consented to the conduct complained of.

29. Plaintiff's claims are barred based on its express and/or implied assumption of the risk.

30. Defendant incorporates all necessary defenses in Rules 8 and 12 as applicable and reserves the right to amend this pleading to raise any additional defenses as may become necessary during the investigation or discovery of this action.

**WHEREFORE**, Defendant requests that Plaintiff's Complaint be dismissed with prejudice, that judgment is entered in favor of Defendant, and that Defendant be awarded reasonable attorney fees, costs, and any other relief this Court deems just and proper.

Respectfully submitted,

*/s/ Tyler Tarney*
Tyler Tarney         (0089082)
Mary Csarny          (0097682)
**GORDON & REES, LLP**
41 South High Street, Suite 2495
Columbus, Ohio 43215
T: (614) 340-5558
F: (614) 360-2130
ttarney@grsm.com
mcsarny@grsm.com
*Attorneys for Defendant Strength of Nature, LLC (incorrectly identified as Strength of Nature Global LLC)*

## JURY DEMAND

Defendant requests a jury with the maximum numbers of jurors allowed by law.

*/s/ Tyler Tarney*
Tyler Tarney         (0089082)

4

**EXHIBIT B**

Case: 2:21-cv-00015-MHW-EPD Doc #: 1-4 Filed: 01/14/21 Page: 15 of 15 PAGEID #: 127
Franklin County Ohio Clerk of Courts of the Common Pleas- 2020 Sep 03 1:53 PM-20CV004402
0F230 - C15

**CERTIFICATE OF SERVICE**

      The undersigned hereby certifies that a true copy of the foregoing was filed on September 3, 2020 with the Court's electronic filing system, which will provide electronic notice to all counsel of record.

                                        */s/ Tyler Tarney*
                                        Tyler Tarney        (0089082)

5

**EXHIBIT B**